-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILFREDO MARQUEZ,

          Plaintiff,

    -v-

JAMES CONWAY, Superintendent;
C.O. CORCAN, Sergeant; C.O. BERBERRY, Sergeant;
YACKEREN, C.O.; and DYLAG, C.O.,

          Defendants.

**DECISION and ORDER**
05-CV-0016A

---

## **INTRODUCTION**

On May 26, 2005, this Court (Hon. Charles J. Siragusa) granted plaintiff's application to proceed *in forma pauperis*, and directed that (1) the action entitled *Marquez v. Conway, et al.*, 05-CV-0168A, be consolidated with this action and then closed because the two actions were, in effect, the same action and arose out of the same events; (2) the complaint in 05-CV-0168A be docketed as a supplemental complaint in this action; (3) that plaintiff amend the complaint to name Sergeants Corcan and Berberry as defendants because neither the complaint nor supplemental complaint named them as defendants although they were both alleged to have violated plaintiff's constitutional rights; and (4) if plaintiff did not file an amended complaint naming Corcan and Berberry as defendants they would be dismissed as parties to this action and the Clerk of the Court was to serve the summons, complaint and supplemental complaint on defendants Conway, Dylag and Yackeren. Plaintiff was also advised that the amended complaint was intended to <u>completely replace</u> the prior complaint and supplemental complaint in this action, and "renders [any prior complaint] of no legal effect[,]" *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied*

sub nom., *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); see also *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994), and that the amended complaint must include all of the allegations against each of the defendants--Dylan, Yankeren, and Conway--against whom the case was going forward, and each of the defendants whom plaintiff sought or neglected to originally add to the case--Corcran and Berberry--so that the amended complaint could stand alone as the sole complaint in this action which the defendants must answer.

On June 30, 2005, plaintiff filed what this Court will construe as the amended complaint in this matter. (Docket No. 7). The amended complaint consists of two documents. The first one is entitled "Amended Complaint," and includes a caption which names Conway, Corcan, Berberry, Yackeren and Dylag as defendants and sets forth the allegations previously made in the complaint--*i.e.*, that Corcan and Berberry ordered that plaintiff be moved to A-Block despite their knowledge that plaintiff previously had problems with correctional officers on A-Block and that once he was moved to A-Block he was assaulted by Dylag and Yackeren. The second document is a prisoner complaint form which names the same five individuals as defendants--Conway, Corcan, Berberry, Yackeren and Dylag--and again alleges that he was ordered by Corcan to return to A-Block despite his protestations to Corcan that he could not to return to A-Block because of the potential for retaliation and that he was then assaulted by Yackeren and Dylag in retaliation for submitting a grievance to Superintendent Conway.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma*

2

*pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the amended complaint, the Court finds that plaintiff's claim against Superintendent Conway must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because it fails to state a claim upon which relief may be granted.

The amended complaint alleges that plaintiff submitted a grievance or written complaint to defendant Conway, Superintendent at Attica Correctional Facility, where plaintiff was previously incarcerated at the time of all the events giving rise to the amended complaint, and that following that he was assaulted by defendants Dylag and Yackeren. There are no other allegations against Conway and, therefore, the amended complaint must be dismissed as against Conway because the allegations are insufficient to state a claim under 42 U.S.C. § 1983 against him.

3

A prerequisite for liability under a § 1983 claim is personal involvement by the defendants in the alleged constitutional deprivation. Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997); Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986). Such involvement on the part of a supervisory official may be shown in one of several ways:

> if he or she (1) directly participated in the violation; (2) failed to remedy the violation after learning of it through a report or appeal; (3) created a custom or policy fostering the violation or allowed the custom or policy to continue after learning of it; or (4) was grossly negligent in supervising subordinates who caused the violation.

Sealey v. Giltner, 116 F.3d at 51 (citing Williams v. Smith, 781 F.2d at 323-24). See also Colon v. Couglin, 58 F.3d 865, 873 (2d Cir. 1995) (includes a fifth factor: "the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring."). Simply submitting a written complaint to a supervisory official complaining of mistreatment, without some evidence that the supervisory official acted on the complaint or did more than just receive the complaint, is insufficient to allege personal involvement under § 1983. See Sealey, 116 F.3d at 51; Johnson v. Wright, 234 F.Supp.2d 352, 363 (S.D.N.Y. 2002). Here, as noted, the only allegations against Superintendent Conway is that plaintiff submitted a written complaint to him presumably regarding some treatment he had previously received at the hands of correctional officers on A-Block. This does not allege the necessary personal involvement against a supervisory official and therefore the amended complaint against Conway must be dismissed.

## CONCLUSION

For the reasons discussed above, plaintiff's amended complaint is construed to be the document entitled "Amended Complaint," sworn to June 24, 2005, and the Prisoner Complaint

Form, sworn to on June 24, 2005 (Docket No. 7), the amended complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A against defendant James Conway, and the U.S. Marshal is directed to serve the summons and amended complaint on Corcan, Berberry, Yackeren and Dylag.

## ORDER

IT HEREBY IS ORDERED, that the amended complaint is dismissed with prejudice against James Conway;

FURTHER, that the Clerk of the Court is directed to terminate defendant James Conway as a party to this action;

FURTHER, that the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Amended Complaint (Docket No. 7), and this Order upon Attica Correctional Facility Correctional Sergeants Corcan and Berberry, and Attica Correctional Facility Correctional Officers Yackeren and Dylag without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to respond to the complaint.

SO ORDERED.

Dated: July 16, 2005
Buffalo, New York

WILLIAM M. SKRETNY
United States District Judge